John Eric Olson (JO4394)
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**JUDGE SWAIN**

**07  CV  10579**

The Continental Insurance Company

        Index No.

Plaintiff,

   - against –

M.V. MSC CHINA, her engines, boilers, etc.,
in rem, MEDITERRANEAN SHIPPING
COMPANY, S.A., of Geneva and
SAFMARINE INC., in personam,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**



RECEIVED

NOV 26 2007

S.D. N.Y.
CASHIERS

    The plaintiffs herein, by their attorneys, Hill Rivkins & Hayden LLP, complaining

of the above named vessel and defendants, allege upon information and belief:

    FIRST:      This is an admiralty and maritime claim within the meaning of

Rule 9(h) of the Federal Rules of Civil Procedure.

    SECOND:    At and during all times hereinafter mentioned, plaintiffs had and

now have the legal status and principal offices and places of business stated in Schedule

A hereto annexed and by this reference made a part hereof.

    THIRD:     At and during all the times hereinafter mentioned, defendants had

and now have the legal status and offices and places of business stated in Schedule A,

and were and now are engaged in business as common carriers of merchandise by water

for hire, and owned, operated, managed, chartered and controlled the above named vessel

which now is or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH:    On or about the dates and at the ports of shipment stated in Schedule A, there were delivered to the vessel and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

FIFTH:    Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo not delivered in the same good order and condition in which it was received.

SIXTH:    Defendants, by reason of the premises, breached their duties to the plaintiffs as common carriers by water for hire and were otherwise at fault.

SEVENTH:    Plaintiffs were the shippers, consignees or owners or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

EIGHTH:    Plaintiffs have duly performed all duties and obligations on their part to be performed.

NINTH:    By reason of the premises, plaintiffs have sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $33,007.57.

W H E R E F O R E, plaintiffs pray:

1.    That process in due form of law according to the practice of this Court may issue against defendants.

2.    That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this complaint, with interest and costs.

3.    That a decree may be entered in favor of plaintiffs against defendants for the amount of plaintiffs' damages, together with interest and costs.

4.    That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5.    Plaintiffs further pray for such other, further and different relief as to this Court may seem just and proper in the premises.


Dated:  New York, New York
        November 21 , 2007


                                    HILL RIVKINS & HAYDEN LLP
                                    Attorneys for Plaintiffs

                            By: _____
                                    John Eric Olson (JO#4394)
                                    45 Broadway, Suite 1500
                                    New York, New York 10006-3739
                                    (212) 669-0600

## SCHEDULE A

Plaintiff, The Continental Insurance Company, was and now is a corporation with an office and place of business at 40 Wall Street, New York, NY 10005.

Defendant, Mediterranean Shipping Company, S.A. of Geneva, c/o Mediterranean Shipping Co. (USA) Inc., 420 Fifth Avenue, New York, NY 10018.

Defendant, SAFMARINE Inc., was and now is a corporation with an office and place of business at Giralda Farms # Bldg. 7, Madison Avenue, P.O. Box 880, Madison, NJ 07940.

| | |
|---|---|
| Date of Shipment: | January 2, 2007 |
| Port of Loading: | Durban Seaport in South Africa |
| Port of Discharge: | Newark, NJ |
| Bill of Lading No.: | DBN/NEW01937 |
| Shipper: | Graniti Technica, Gauteng, South Africa |
| Consignee: | To the Order of Mashreqbank P.S.C, United Arab Emirates |
| Notify: | Logix Stone, LLC, Maryland |
| Description of Shipment: | Granite/Marble Slabs |
| Nature of Loss or Damage: | Damage |

4